**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | | |
|---|---|---|
| **CAROL LEE MILLER and husband,** | ) | |
| **DAN MILLER,** | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:09-CV-173** |
| | ) | **(Phillips)** |
| **WAL-MART STORES EAST, LP** | ) | |
|     **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

       This action involves a slip and fall in defendant's store, and is before the court on pretrial motions filed by the parties. The defendant has filed a motion for summary judgment [Doc. 5] to which the plaintiffs have responded with a motion for discovery pursuant to Fed.R.Civ.P. 56(f) [Doc. 8]. In support of their motion, plaintiffs state that no discovery has been taken in this matter; no disclosures have been made pursuant to Fed.R.Civ.P. 26; and no discovery planning conference has been conducted pursuant to Fed.R.Civ.P. 26(f). Therefore, plaintiffs state they are unable to respond to defendants' motion for summary judgment with opposing affidavits or testimony. Specifically, plaintiffs request an opportunity to depose Mike Hodge, author of the affidavit filed in support of defendant's motion for summary judgment. In addition, plaintiffs request an opportunity to review any and all documents evidencing inspections performed in the store; photographs, videotapes, or other images depicting the scene of the accident; reports, photographs, videotapes or other surveillance of observation of plaintiff or the scene at the time of the

incident, including all security camera tapes and/or digitally preserved video; identity of individuals employed by defendant at the time of the incident for the purpose of interviewing and/or taking depositions; the identity and contact information for the manager or supervisor on duty at the time of the accident; and other information contained in plaintiffs' interrogatories and requests for production of documents.

It is well-established that the plaintiff must receive "a full opportunity to conduct discovery" to be able to successfully defeat a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); *White's Landing Fisheries Inc. v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994) ("[n light of *Anderson* and *Celotex*] a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery").

Here, the parties have not conducted the initial discovery required by Fed.R.Civ.P. 26. At this juncture in the proceedings, the court finds defendant's motion for summary judgment to be premature, and that the plaintiffs should be given an opportunity to develop their case through discovery. Accordingly, plaintiffs' motion for discovery under Fed.R.Civ.P. 56(f) [Doc. 8] is **GRANTED;** and defendant's motion for summary judgment [Doc. 5] is **DENIED**, with leave to refile after the parties complete the necessary discovery.

**IT IS SO ORDERED.**

                              **ENTER:**

                                        s/ Thomas W. Phillips
                                      United States District Judge