# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

CAROL LEE MILLER and husband,   )
DAN MILLER,   )
     Plaintiffs,   )
       )
v.   )   No.  3:09-CV-173
   )   (Phillips)
WAL-MART STORES EAST, LP   )
     Defendant.   )

## MEMORANDUM OPINION

This case involves a slip and fall in defendant's store, and is before the court on the defendant's motion for summary judgment.  The plaintiffs have responded in opposition.  For the reasons which follow, the defendant's motion will be granted.

## I.  Procedural Background

Plaintiffs filed their complaint in the Circuit Court for Sevier County, Tennessee on March 25, 2009.  Defendant removed the action to this court on April 22, 2009.  On May 28, 2009, Defendant filed its initial motion for summary judgment.  On June 15, 2009, Plaintiffs filed a Rule 56(f) motion asking the court for additional time to conduct discovery before responding to the summary motion.  Plaintiffs' motion was granted by the court on March 26, 2010, and Defendant's motion for summary judgment was denied with leave to refile after the parties had completed the necessary discovery.  After discovery, Defendant refiled its motion for summary judgment on September 3, 2010.

## II.  Factual Background

According to the complaint, Plaintiffs were shopping at Wal-Mart Supercenter. Plaintiff Carol Lee Miller was going into a checkout lane when she suddenly slipped and fell to the floor, injuring her back and leg. Upon inspection of the checkout lane, Plaintiffs observed grapes on the floor in the aisle way, one of which had been stepped on by the Plaintiff.  Plaintiff's fall occurred on March 29, 2008 at approximately 4:00 p.m.

At approximately 3:55 p.m. on the same day, Assistant Store Manager Mike Hodge walked through the same checkout aisle where Plaintiff fell.  Hodge inspected the floor of the checkout aisle at that time, and he did not observe any grapes or other hazards. Approximately five minutes later, Hodge responded to the Plaintiff's fall and observed grapes on the floor.  Hodge testified that no one was aware that the grapes were on the floor until after Plaintiff's fall.  He further testified that it is not known how or when the grapes came to exist on the floor.

## III.  Analysis

### A.  Plaintiffs' Rule 56(f) Motion for Discovery

Plaintiffs have responded to Defendant's motion for summary judgment with a second Rule 56(f) motion for discovery.  Plaintiffs want to take the deposition of Laura Patrick, who is the asset protection coordinator at Defendant's store.  Plaintiffs state that Patrick is the person who is in charge of the video surveillance for the store.  Plaintiffs also want to reopen the deposition of Mike Hodge, but do not state what additional information they are seeking from him.

Defendant responds that no further discovery is needed in this case for Plaintiffs to respond to the pending motion for summary judgment. Defendant states that on March 3, 2010, Defendant served its responses to Plaintiffs' interrogatories and requests for production of documents. Defendant has identified all known persons who may have discoverable knowledge of Plaintiff's accident. Defendant has also produced information pertaining to similar incidents within three years of Plaintiff's accident. Further, Defendant states that there is no video of the subject area at and around the time of Plaintiff's accident.[1] On April 26, 2010, Plaintiffs requested the opportunity to inspect the scene of Plaintiff's accident and to take photographs. Defendant accommodated the request and the inspection occurred on July 1, 2010. Assistant Store Manager Mike Hodge was deposed on August 19, 2010.

Rule 56(f) of the Federal Rules of Civil Procedure provides the "mechanism for a plaintiff and the courts to give effect to the well-established principle that the plaintiff must receive a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment." *Ball v. Union Carbide Corp.,* 385 F.3d 713, 719 (6th Cir. 2004). Rule 56(f) provides that the plaintiff is required to file an affidavit or motion explaining what material facts he hopes to uncover by the requested discovery. *Id.* If the plaintiff makes only general conclusory statements in his affidavit regarding the needed discovery, lacks any details or specificity, it is not an abuse of discretion for the court to deny the request. *Id.* "Even when a Rule 56(f) motion is properly supported, the court may

---

[1] Hodge testified that the video camera is focused on the register drawer and the cashier; the video camera does not show the aisle way. These videos are kept for a period of thirty days and then re-recorded on.

refuse to allow additional discovery if it deems the request to be based on speculation as to what potentially could be discovered – that is a mere fishing expedition." *Nat'l Union fire ins. Co. of Pittsburgh v. Stroh Cos.,* 265 F.3d 97, 117 (2nd Cir. 2001).

Here, Plaintiffs do not specify what additional discovery they need or how that additional discovery will help them in responding to the summary judgment motion. To the extent that Plaintiffs want to depose Laura Patrick or reopen the deposition of Mike Hodge, they have failed to articulate what they hope to gain from this additional discovery or how it will affect the motion for summary judgment. In addition, Plaintiffs have had since March 26, 2010, when the court granted their first Rule 56(f) motion to conduct discovery. Accordingly, because the court finds that Plaintiffs have not shown that they are entitled to additional discovery, their motion under Rule 56(f) is **DENIED.** The court will next address Defendant's motion for summary judgment.

### B. Summary Judgment Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Initially, the burden is on the moving party to conclusively show that no genuine issues of material fact exist, *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003), and the court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 (1986). However, the nonmoving

4

party is not entitled to a trial merely on the basis of allegations, but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Id.* at 323.

The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question; but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). The standard for summary judgment mirrors the standard for directed verdict. *Anderson*, 477 U.S. at 250. The court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Id.; Lansing Dairy, Inc. v. Espy,* 39 F.3d 1339, 1347 (6th Cir. 1994).

### C. Negligence

To establish a negligence claim, a plaintiff must prove: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care that amounts to a breach of that duty; (3) injury or loss; (4) causation in fact; and (5)

proximate causation. *Coln v. City of Savannah,* 966 S.W.2d 34, 39 (Tenn. 1998). In the instant case, defendant contends that summary judgment is appropriate because the Plaintiffs have failed to establish the duty element.

An owner or occupier of business premises has a duty to exercise reasonable care to protect its guests, including "the responsibility to remove or warn against latent or hidden dangerous conditions on the premises of which one was aware or should have been aware through the exercise of reasonable diligence." *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998). This duty exists even if a dangerous condition is"open and obvious." *Id.* This duty does not, however, require an owner or occupier to remove or warn guests against "conditions from which no reasonable risk was to be anticipated, or from those which the occupier neither knew nor could have discovered with reasonable care." *Id.* at 309; *see also Hardesty v. Servs. Merchandise Co.,* 953 S.W.2d 678, 681 (Tenn.Ct.App. 1997) ("A merchant is not an insurer of the safety of its customers, and it is not to be presumed that the proprietor of a store . . . is instantly aware of all that transpires within its establishment"). Rather, an owner or occupier of business premises has a duty to remove or warn against a dangerous condition only if it created the condition, had actual knowledge of the condition, or had constructive knowledge of the condition. *Blair V. West Town Mall,* 130 S.W.3d 761, 764 (Tenn. 2004). Here, Plaintiffs have not shown that Defendant created or actually knew that the grapes were on the floor of the checkout aisle. Therefore, the determinative question is whether Defendant had constructive notice of the presence of the grapes on the floor of the checkout aisle prior to the accident.

6

Generally, a plaintiff establishes constructive notice by showing that a particular dangerous condition existed for such a length of time prior to the accident that the premises owner or occupier should have become aware of its existence. *Blair,* 130 S.W.3d at 764. Alternatively, a plaintiff may establish constructive notice "by showing a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence." *Id.* Here, the source of the grapes is unknown, as is the time that the grapes came to rest on the floor. Plaintiffs bear the burden to "submit proof as to how long the allegedly dangerous condition existed prior to the accident." *Hardesty*, 953 S.W.2d at 683. As a general rule, a plaintiff cannot establish constructive notice without some showing as to the length of time that a condition has persisted. *See id.* at 683; *Self v. Wal-Mart Stores, Inc.,* 885 F.2d 336, 338 (6th Cir. 1989). Where no proof exists as to when and how a dangerous condition was created, summary judgment is appropriate, as "it would be improper to permit the jury to speculate on these vital elements." *Chambliss v. Shoney's Inc.,* 742 S.W.2d 271, 273 (Tenn.Ct.App. 1987).

Here, no evidence exists in the record to support a finding that Defendant had constructive notice of the grapes on the checkout aisle. Although the exact time that the grapes came to rest on the floor is unknown, the evidence establishes that there were no grapes on the floor when Hodge walked through the area approximately five minutes before Plaintiff fell. Therefore, the grapes existed on the floor no more than five minutes before Plaintiff's fall. The court finds that no reasonable jury could conclude that Defendant had constructive notice based on the length of time that the grapes were on the floor prior to Plaintiff's fall. A period of only a few minutes is not enough time, as a matter of law, for

7

Defendant to have discovered the alleged condition and to have repaired or warned of it. *See Busler v. Cut Rate Super Market No. 1*, 334 S.W.2d 738 (Tenn.Ct.App. 1960) (dangerous condition existed from 4-5 minutes); *Stump v. Wal-Mart Stores, Inc.,* 946 F.Supp. 492, 494-95 (E.D.Ky. 1996) (dangerous condition existed 10-15 minutes prior to plaintiff's fall). Accordingly, Defendant's motion for summary judgment will be **GRANTED.**

## IV. Conclusion

For the foregoing reasons, the Defendant's motion for summary judgment is **GRANTED**, and this action is **DISMISSED, with prejudice.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge